**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILIP H. SHUM,                         )
                                        )
        Plaintiff,              )  Case No.: 2:11-cv-01932-GMN-RJJ
   vs.                                  )
                                        )  **ORDER**
COUNTRYWIDE HOME LOANS, INC., et        )
al.,                                    )
                                        )
        Defendants.            )

Before the Court is the Motion to Dismiss (ECF No. 8), the Motion to Expunge Lis Pendens (ECF No. 9) and the Motion to Strike (ECF No. 13) filed by Defendants Countrywide Home Loans, Inc.; Countrywide Bank, N.A.; Countrywide Financial Corporation; ReconTrust Company, N.A.; Bank of America, N.A.; and Mortgage Electronic Registration Systems ("MERS") (collectively, "Defendants").  Pro se Plaintiff Philip Shum filed a Response to the Motion to Dismiss (ECF No. 11) and a document styled as "Reply to Defendant's Opposition to Motion to Amend/Correct Complaint" (ECF No. 12).

**I.      BACKGROUND**

In September 2007, Plaintiff signed a promissory note and Deed of Trust secured by the property located at 4233 Hebron Drive, Las Vegas, Nevada, 89147, APN#: 163-22-112-010. (Deed of Trust, Ex. A to MTD, ECF No. 8.)  The Deed of Trust named American Sterling Bank as the Lender, Fidelity National Title Agency as the Trustee, and MERS as the beneficiary "solely as a nominee for Lender and Lender's successors and assigns." (*Id*.)

In March 2009, an Assignment was signed by a representative for MERS, transferring the beneficial interest in the Deed of Trust to Defendant Countrywide Home Loans Servicing LP. (Assignment, Ex. B to MTD.)

Also in March 2009, a Substitution of Trustee was signed by a representative for Countrywide Home Loans Servicing LP, naming The Cooper Castle Law Firm, LLP, as Trustee. (Substitution of Trustee, Ex. C to MTD.)

On August 25, 2009, a Notice of Breach and Default was recorded in Clark County by The Cooper Castle Law Firm, LLP as Trustee. (August 2009 Notice of Default, Ex. D to MTD.) A few weeks later, on September 17, 2009, a Notice of Rescission was filed, rescinding the Notice of Default. (Notice of Rescission, Ex. E to MTD.) The same day, another Notice of Default was recorded by The Cooper Castle Law Firm, LLP. (September 2009 Notice of Default, Ex. F to MTD.)

Two months later, on November 2, 2010, Defendant BAC Home Loans Servicing, LP, sent Plaintiff a letter informing him that under the guidelines of the Home Affordable Modification Program ("HAMP"), his loan was not eligible for a modification. (Letter, Ex. H to MTD.) Specifically, the Letter stated:

> Your loan is not eligible for a Home Affordable Modification because you did not provide us with the documents we requested. A notice which listed the specific documents we needed and the time frame required to provide them was sent to you more than 30 days ago. We may have also sent you additional notices about missing or incomplete required documents.

(*Id.*)

Plaintiff filed his Complaint before this Court in December 2011, alleging nine causes of action: (1) Fraud through omission; (2) Quiet title action; (3) Contractual breach of the duty of good faith and fair dealing; (4) Tortious breach of the implied duty of good faith and fair dealing; (5) Civil conspiracy; (6) Racketeering [NRS 207.470]; (7) Unjust enrichment; (8) Conspiracy to commit fraud related to MERS system; and (9) Injunctive relief. (ECF No. 1.)

Defendants filed a Motion to Dismiss, arguing that Plaintiff's Complaint fails to meet the pleading standards of Federal Rule of Civil Procedure 12(b)(6) and 9(b). (ECF No. 8.) Plaintiff filed a Response that appears to be cut-and-pasted from an assortment of unrelated

court documents, and which references documents, events, and dates that are completely unrelated to this action. (*See* ECF No. 11.)  Plaintiff also filed a document styled as "Reply to Defendant's Opposition to Motion to Amend/Correct Complaint," which purports to address a nonexistent motion. (*See* ECF No. 12)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because

1  "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179
2  (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to
3  liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,
4  1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of
5  leniency.

6      "Generally, a district court may not consider any material beyond the pleadings in ruling
7  on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the
8  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*
9  *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,
10 "documents whose contents are alleged in a complaint and whose authenticity no party
11 questions, but which are not physically attached to the pleading, may be considered in ruling on
12 a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for
13 summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule
14 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
15 *Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers
16 materials outside of the pleadings, the motion to dismiss is converted into a motion for
17 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th
18 Cir. 2001).

19     If the court grants a motion to dismiss, it must then decide whether to grant leave to
20 amend.  The court should "freely give" leave to amend when there is no "undue delay, bad
21 faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by
22 virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman*
23 *v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear
24 that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow*
25 *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

Because Plaintiff's Response (ECF No. 11) refers to documents, events, and dates that are completely unrelated to this action, and does not address the arguments of Defendants, the Court takes judicial notice of the publicly recorded documents attached to Defendants' motion. (*See* Exs. A-F to MTD.)  Also, because Plaintiff's document styled as "Reply to Defendant's Opposition to Motion to Amend/Correct Complaint" (ECF No. 12) purports to address a nonexistent motion, and Plaintiff did not oppose Defendants' Motion to Strike (ECF No. 13), the Court will grant the motion and strike it from the record.

Next, as discussed below, the Court finds that dismissal of Plaintiff's Complaint is appropriate; and, finding bad faith or dilatory motive on the part of Plaintiff, the Court will not grant Plaintiff leave to amend.

Plaintiff's first and eighth claims allege fraud through omission in the origination of his loan and conspiracy to commit fraud related to the MERS system.  As Defendants point out, Defendants did not originate Plaintiff's loan, so they could not have committed fraud through omission by failing to advise Plaintiff of anything related to origination of his loan.  Also, Plaintiff's allegations fail to meet the pleading standard required by Federal Rule of Civil Procedure 9(b), which requires a party to state with particularity the circumstances of the fraud. Here, Plaintiff does not allege which Defendant committed which wrongful act, nor does he allege when and where these acts took place.  Plaintiff's allegations are broad and conclusory and do not attempt to name a representative of Defendants who made fraudulent representations.  Plaintiff's claim for conspiracy to commit fraud through the MERS system is also based on his allegations of predatory lending, and fails to plead fraud with particularity or to allege facts showing the existence of an illegal agreement among Defendants.  For these reasons, Plaintiff's first and eight claims alleging fraud and conspiracy to commit fraud are dismissed.

Plaintiff's third claim for contractual breach of the duty of good faith and fair dealing and fourth claim for tortious breach of the implied duty of good faith and fair dealing both fail to allege the existence of a valid contract to which Plaintiff and Defendants were parties, and fails to allege a duty of good faith or breach of that duty on the part of Defendants. Plaintiff's allegations for these claims and for his fifth claim for civil conspiracy refer to alleged predatory lending practices on the part of Countrywide, and Defendants' alleged ratification of this conduct by pursuing foreclosures after the formation of the mortgage loans. Because Plaintiff has failed to state a claim for contractual breach of the duty of good faith and fair dealing and for tortious breach of the implied duty of good faith and fair dealing, the Court must dismiss these claims, and must dismiss the claim for civil conspiracy as well.

Plaintiff's sixth claim for racketeering is based on the same alleged ratification of Countrywide's predatory lending, and is based on Nevada Revised Statutes 207.390. This statute requires that at least two crimes related to racketeering be alleged with the same or similar pattern, intents, results, accomplices, victims or methods of commission, or otherwise interrelated by distinguishing characteristics and not isolated incidents. *Id*. As discussed above, Plaintiff has failed to allege any crime to support his claim for racketeering, and predatory lending practices is not a covered crime under Nevada Revised Statutes 207.360. Accordingly, this claim must be dismissed.

Plaintiff's seventh claim for unjust enrichment fails because here, the mortgage loan governs the facts alleged by Plaintiff, and a claim for unjust enrichment cannot lie where a contract such as a mortgage already governs the relationship between the parties. Accordingly, this claim must be dismissed.

Plaintiff's second claim for quiet title fails because he has not alleged sufficient facts to overcome the presumption in favor of the record titleholder. Here, Plaintiff is not the record

titleholder, and the judicially noticeable documents provided by Defendants do not show facts overcoming that presumption. Accordingly this claim must be dismissed.

Finally, Plaintiff's claim for injunctive relief is not a cause of action, but a remedy. Because Plaintiff has failed to sufficiently allege a claim justifying relief, this claim must be dismissed as well.

In his Complaint, Plaintiff alleges that the date of origination for his loan is both 2005 and 2007. (Compl., 2:¶2, 3:¶10.) He also alleges that he is "an elderly person" (*Id*. at 2:¶2), that he "speaks little English" (Response, 1:22), and that "in 2003, [he] was given a promissory note of 6.75% with payments of $2170.00" (Response, 1:22-23). Plaintiff also refers to himself alternately as "he" and "she." (*See, e.g.*, Response, 1:24, 2:5.) In his Response, he refers to nonexistent exhibits. (*See, e.g.*, Response, 1:1, 2, 7.) As discussed above, Plaintiff's Complaint consists of broad accusations of conspiracy and predatory lending that fail to allege specific facts of wrongdoing on the part of each Defendant. Instead, Plaintiff's Complaint and other documents filed before the Court appear to be cut-and-pasted from other sources, and do not address the facts of his case or respond to Defendants allegations. Accordingly, the Court finds that Plaintiff's actions before this Court reflect bad faith or dilatory motive, and leave to amend is not granted.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 8), the Motion to Expunge Lis Pendens (ECF No. 9), and the Motion to Strike (ECF No. 13) are **GRANTED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 10th day of October, 2012.

_____
Gloria M. Navarro
United States District Judge